**Terry Hugh KELSO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–34.**

Court of Criminal Appeals of Oklahoma.

May 26, 1987.

Wesley E. Johnson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Terry Hugh Kelso, was convicted by jury in the District Court of Tulsa County, Case No. CRF-84-4402, of Murder in the First Degree and Assault and Battery With a Dangerous Weapon. He was sentenced to life imprisonment and ten years' imprisonment, respectively, with the sentences to run concurrently.

The only assignment of error urged on appeal is that the trial court erred in refusing to grant probation. This complaint is premised on a statement by the Honorable Joe Jennings, District Judge, wherein he expressed his sentiment that "[First-Degree Murder is] an offense that the court considers not to be a probationary type case...." Appellant's construction of this statement is that Judge Jennings did not know that he has the authority to suspend all or part of a life sentence.

We disagree. We believe that a fairer reading of the statement is that Judge Jennings believes probation is inappropriate, rather than unauthorized, in first-degree murder cases.

The granting of a suspended sentence lies within the trial court's discretion, and that decision will not·be disturbed on appeal absent abuse of discretion. *White v. State*, 702 P.2d 1058 (Okl.Cr.1985). This Court is unable to say that Judge Jennings abused his discretion since this Court was not presented even the barest facts underlying the conviction. All the record before this Court shows is that, according to the information, the appellant shot and killed Bobby Jack Reynolds and also shot Gregory Martin Sharp. Accordingly, the judgments and sentences are AFFIRMED.

In closing, we note that the Attorney General does not dispute appellant's contention that a trial judge has the authority to suspend a life sentence. The appellant may again apply for a suspended sentence within ten days of the final order of this Court. *See* 22 O.S.1981, § 994.

PARKS, J. concurs.

BUSSEY, J., concurs in results.